## THOMAS HUNTER *vs.* MARY L. HERSPERGER
### ET AL.

*Hearing of Case on Agreed Statement of Fact—Appeal—Right of Surviving Husband in Estate of Deceased Wife Under Act of 1892, ch. 571.*

When a cause is heard on an agreed statement of facts, the agreement should be reduced to writing and filed in the lower Court before the case is there decided and not afterwards, or the facts should be certified to this Court by the lower Court in such a way as will enable this Court to know with certainty what was passed upon by the lower Court.

A married woman died intestate leaving surviving her a husband and children. The principal asset of her estate was a judgment which could not then be collected, but which was paid five years afterwards with interest thereon. The Act of 1892, ch. 571, which was in force at the time of her death provided that in such case the surplus of the estate of the married woman should be invested under the direction of the Orphans' Court for the benefit of the surviving husband for his life and then to go to the children and descendants of the decedent. *Held*, that the surviving husband is not entitled to the interest paid on the judgment after the death of his wife, but that the same should be treated as part of the *corpus* of her estate.

Appeal from the Orphans' Court of Montgomery County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Wm. H. Surratt*, for the appellant.

*Edward C. Peter*, for the appellees.

BOYD, J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court of Montgomery County directing the administrator of Hannah Hunter to invest the amount remaining in his hands, after payment of the debts and costs, and to pay the income to the appellant during his life and after his death to the children of Hannah Hunter, who was the wife of the appellant and died

intestate, leaving four children surviving her.   We have had some  doubt about the  propriety of  passing  on the question which has been argued before us, as it is not presented by the record in a way which we can  approve of, as the, facts neces- sary to be considered  are in an agreement of counsel  filed in the Orphans' Court a month after the order appealed from was passed.   But·as it states that " The following  is  the agreed statement of facts upon which the order of the Orphans' Court for  Montgomery  County, dated  July 22nd, 1902,   *   * · * was passed," and  as  the  question  has  been  argued  without objection as to the method of  presenting it, we will  determine it, but do not want it to  be considered  as a precedent binding on us in the future.   When a case  is heard on an agreed state- ment of facts it should  be reduced to writing and  filed in the lower Court before the case  is there disposed  of, or  the facts should  be certified  to this Court  by the  lower Court in  such way as will  enable us to  know with certainty what that Court understood  was before it and what it passed on.

From  the statement of facts we find that Hannah  Hunter died on the 26th day of May, 1897, and Samuel A.  Hersper- ger was  appointed  administrator of her  estate  on the 7th of the following August.   At the time of  her death she was the owner of a judgment for $1,173, rendered March 17th, 1879, in the Circuit Court for  Montgomery  County, which "had been  kept alive by appropriate  proceedings and was  still in full force and  effect, but which  judgment was at the time of her death worthless."   On the 12th day of  May, 1902, the administrator collected it, amounting at that time to $3,375.25, including $7.45 costs, " said judgment  having been collected at the earliest possible  date "—the statement of facts does not show why it could not  be collected  sooner, but it was said at the argument that the  judgment debtor  inherited some prop- erty which enabled  the administrator to  recover it.   The ad-· ministrator settled an account on July 12th, 1898, and on the 22nd of July, 1902, he settled another in which he distributed the proceeds  of this  judgment—the  debts  of the  decedent and the commissions, costs, etc., amounting to $1,622.07 leav-

ing in his hands $1,753.18 for distribution. The record does not disclose how so much was realized on the judgment, but the brief of the appellant states that on March 17th, 1891, the amount of the judgment was $2,017.56, and interest was apparently collected on that sum from that date to May 12th, 1902, when it was paid, but as the amount that was due on the judgment is not before us for review, that is not material. The question intended to be presented is whether the appellant is entitled to interest on this judgment from the date of the death of Mrs. Hunter. He contends that under the statute he was a tenant for life of his wife's personal estate, and as the judgment was bearing interest until paid that he was entitled to all such interest as accrued after her death, the principal and interest to that time being more than sufficient to pay her debts and the cost of the administration.

The statute in force at the time of her death was sec. 32 of Art. 93 of the Code, as amended by ch. 571 of the Acts of 1892. That provided that if the intestate be a married woman and leaves no child or descendants, all her personal property including choses in action shall devolve upon her husband absolutely, and it shall not be necessary for him to administer upon her estate in order to pass title to him, unless she shall be liable for debts owing by her, and after making provision as to how the husband is to get title to the property in such case, it proceeds "but if the intestate be a married woman, and leave a child or children or descendants, her personal estate including all choses in action shall devolve upon her administrator or administrators, and *the surplus* of her estate shall be distributed by the Orphans' Court to the husband for his life and no longer, and after his death then to her children and descendants *per stirpes ;* and it shall be the duty of the Orphans' Court granting the said administration to direct the mode in which the said estate shall be invested (statute reads interested) so as best to serve the rights of children or others interested after the expiration of the life estate; and the whole of the said personal estate shall be subject to the orders of the Orphans' Court, and shall not be disposed

of by the administrator except by virtue of an order or a decree duly passed by said Court." The appellant in support of his contention cited *Evans* v. *Iglehart*, 6 G. & J. 171; *Merryman* v. *Long*, 49 Md. 545; *Abell* v. *Abell*, 75 Md. 44; *Wethered* v. *Safe Deposit and Trust Company*, 79 Md. 153, and *Burt* v. *Gill*, 89 Md. 145, but in each of those cases the decedent left a will, and while questions as to when interest should begin to run on various kinds of legacies and when incomes should be paid to life tenants were considered, the familiar principle that such questions must be governed by the intention of the testator, when that can be ascertained from the will, was fully recognized and applied. In this case the only right that the appellant has to any part of his wife's personal estate is given him by the statute and hence we must look to it to ascertain what that is, and when we do we find that it says in plain terms that "*the surplus* of her estate shall be distributed by the Orphans' Court to the husband for his life and no longer, and after his death then to her children and descendants, *per stirpes*." The only portion of her estate he is thus entitled to is *the surplus during his lifetime*. That is to be distributed by the Orphans' Court to him for life and after his death the same thing—that is to say the surplus—is to be distributed to the children and descendants. If the Legislature had intended that he should receive interest earned before that distribution was made it would doubtless have said so, but the statute not only limits the right of the husband to the surplus, which means that part of the estate which is left after the debts, costs, etc., are paid, but it makes it the duty of the Orphans' Court "to direct the mode in which the said estate shall be invested, so as best to serve the rights of children or others interested after the expiration of the life estate,"—thus showing that the Legislature was endeavoring to carefully guard the rights of the children and there is nothing in the statute to justify an inference that it was intended that the surplus should be depleted by deducting interest from the wife's death or any other period from it. After the debts and expenses connected with the administration are ascertained, the

surplus should be distributed, or more properly speaking invested, promptly so as to give the husband the benefit of the income therefrom, but there must necessarily be some delay in the settlement of estates. In this case the final distribution was not made until over five years after the death of the intestate, but as we have seen the judgment was considered worthless and was "collected at the earliest possible date." No one therefore is to be blamed for the delay and although the right to collect the judgment was vested in the administrator from the time of his qualification, it was impossible to do so before he did. He received the money on the 12th day of May, 1902, and stated an account in June which was finally acted on by the Court on the 22nd of July, after giving parties in interest an opportunity to be heard. We are of the opinion that the order of the Court below was in accordance with the terms of the statute, and must therefore be affirmed, but we will direct the costs of the appeal to be paid out of the fund.

*Order affirmed, costs to be paid out of the fund.*